Juan Martin **RUBIO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–70722.

INS No. A70–817–628.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001 [1].

Decided March 22, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM [2]

Juan Martin Rubio ("Petitioner") petitions for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on May 24, 1999. Petitioner was served with an order to show cause on January 25, 1996—less than seven years after he entered the United States on or about June 6, 1989. At a hearing on September 9, 1996, the Immigration Judge denied Petitioner's application for suspension of deportation on the merits. The BIA dismissed his appeal.

Petitioner contends that he is eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625—bars relief in his case. Petitioner's arguments are foreclosed by our recent decision in *Ram v. INS*, No. 99–70918, 2001 WL 173309 (9th Cir. Feb. 8, 2001). We do not consider Petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez* .

PETITION FOR REVIEW DENIED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

